UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-3148-BO

| | |
|---|---|
| COLECO TAYLOE BEST,<br>Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| STATE OF NORTH CAROLINA,<br>Defendants. | )<br>)<br>) |

Coleco Taylor Best appears to be a pre-trial detainee within the custody of North Carolina. Best filed this matter as a 42 U.S.C. § 1983 action seeking for the State of North Carolina to dismiss his pending criminal charges. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915.[1] In reviewing this complaint, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff names the State of North Carolina, Deputy Matt Miller, Detective Ronald Baker, and Sheriff Travis Sparks as defendants to the action.[2] Plaintiff asserts that on August 6, 2011,

---

[1]Prior to conducting this frivolity review, plaintiff filed a Motion to Amend [D.E. 11]. A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). The court shall allow the December 7, 2012, Motion to Amend [D.E. 11]. Therefore, the court conducts the frivolity review as to both the original complaint and the Motion to Amend.

[2]The court notes that defendant State of North Carolina is not a properly named defendant to this 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989) (Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983).

he was arrested after a drug raid at his residence and now awaits criminal prosecution from the charges from that night, as well as, subsequent charges on November 28, 2011, which also arise from the earlier arrest. Plaintiff seeks for "the state to . . . dismiss all charges and alleged accusations against me, as well as compensation for the time . . . incarcerated . . . on iligitimate [sic] charges." [D.E. 1, Compl. at V. Relief Sought]. Plaintiff again states this is the relief he seeks in his "Motion to Dismiss" wherein he states "the undersigned defendant in the above captioned case requesting the State of North Carolina dismiss all charges in the following case numbers: 11CR054080 11CR055932 and 11CR055933." Within the amended complaint, plaintiff seeks damages from his lost wages, pain and suffering for his current fraudulent custody, and punitive damages for the restraint on his liberty [D.E. 11].

Claims "fall[ing] within the 'core' of habeas corpus ... [are] not cognizable when brought pursuant to § 1983." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Specifically, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey. 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell. 273 Fed. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Heck applies to pretrial detainees. See Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir 1999) (applying Heck to a pretrial detainee's claim seeking damages for an alleged illegal search and seizure in violation of

2

the Fourth Amendment); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) (" Heck applies to pending criminal charges, and ... a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). see also Adams v. Morris, No. 03-5413, 90 Fed. App'x. 856 (6th Cir. Jan. 29, 2004) (applying Heck to a pretrial detainee's alleged violation of his Sixth Amendment right to counsel).

It is clear that Best contends that the pending charges against him are invalid; thus, Best must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845-46 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Furthermore, as to any claims arising from the search and other investigative strategies, the Ninth Circuit has held:

> A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.

Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) (quoting Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.1996)).

Furthermore, plaintiff seeks dismissal of the charges as well as damages from the allegations. Clearly, dismissal of the charges would result in an immediate or at least speedier release from custody. Therefore, plaintiff must seek such relief by way of a petition for writ of

habeas corpus; such relief is not available in a civil rights action brought pursuant to Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ('[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.') Plaintiff would have to challenge his pending charges in an action brought pursuant to 28 U.S.C. § 2241 or § 2254 and fulfill the exhaustion requirements associated with either statute. To the extent, plaintiff is seeking habeas relief, his claims should be dismissed without prejudice.

Alternatively, the court finds that because plaintiff's criminal case is pending, abstention is necessary. The abstention doctrine of Younger v. Harris, 401 U.S. 37, 59 (1971), establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Brewsome v. Broward County Pub. Defenders, 304 Fed. App'x 814, 816 (11th Cir. 2008) (per curiam). The Younger abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." 401 U.S. at 43; see also Herrera v. Safir, 17 Fed. App'x 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by Younger because his state court criminal trial was pending, providing the

4

opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

In this case, plaintiff has not alleged that the pending state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Plaintiff may vindicate his constitutional rights in the ongoing state court proceedings. Dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as plaintiff's claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

Accordingly, for the above stated reasons, the matter is DISMISSED without prejudice. Having so determined, with the exception of the motion to amend [D.E. 11] which was ALLOWED, the other pending motions [D.E. 6, 7, and 10] are DENIED as MOOT. The Clerk is DRECTED to CLOSE the case.

SO ORDERED, this the 9 day of January 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE